UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **EIVER ALONSO RODRIGUEZ MEDINA,** <br><br> *Petitioner*, <br><br> v. <br><br> **KRISTI NOEM,** Secretary, Department of Homeland Security; **TODD M. LYONS,** Acting Director, United States Immigration and Customs Enforcement (ICE); **PAMELA BONDI,** Attorney General of the United States; **MARY DE ANDA-YBARRA,** Director, ICE El Paso Field Office; **ANGEL GARITE,** Assistant Field Office Director, ICE El Paso Field Office; and **WARDEN,** ERO El Paso Camp East Montana Detention Facility, *in their official capacities*, <br><br> *Respondents*. | § § § § § § § § § § § § § § § § § § § § § § **EP-26-CV-00502-DCG** |

## ORDER TO SHOW CAUSE AND
## DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Eiver Alonso Rodriguez Medina ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in the Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus. Petitioner also requests a Temporary Restraining Order ("TRO") for his immediate release.[2] For the reasons provided below, the Court **DENIES** the Motion.

---

[1] *See generally* Pet., ECF No. 1.

[2] *See generally* Mot. TRO, ECF No. 2.

## I. Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on February 19, 2026, while detained at Camp East Montana in El Paso, Texas.[3] Petitioner challenges his detention on statutory and constitutional grounds.[4] Petitioner asks the Court to order, *inter alia*, his immediate release.[5] In his subsequent Motion for Temporary Restraining Order, Petitioner also seeks immediate release.[6]

## II. Discussion

### A. Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[7] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[8]

---

[3] *See id.* at 3.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[4] *Id.* at 10–11.

[5] *Id.* at 11. *See also id.* at 11–12 (detailing full scope of relief requested by Petitioner).

[6] *See* Mot. TRO at 2.

[7] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[8] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[9] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[10] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[11] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[12] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[13]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the

---

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[9] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[10] 28 U.S.C. § 2243.

[11] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[12] 28 U.S.C. § 2243.

[13] *See, e.g., Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

### B. *Ex Parte* Motion for Temporary Restraining Order

Petitioner also asks the Court to issue a TRO granting the relief requested in the Petition—that is, his immediate release.[14] However, the purpose of a TRO "is not to give the [Petitioner] the ultimate relief [he] seeks,"[15] but instead "to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[16] Even crediting Petitioner's arguments in support of the Motion, the Court does not believe that its "ability to render a meaningful decision on the merits . . . [is] in jeopardy."[17] Rather than "decide the habeas petition now,"[18] the Court denies the Motion and will rule on the merits of the Petition after Respondents have been given the opportunity to respond.[19]

---

[14] Mot. TRO at 1.

[15] *See, e.g.*, *Singh v. Acting Field Off. Dir.*, No. 3:26-CV-00388-LS, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026) (quoting *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996)).

[16] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

[17] *See, e.g.*, *Pema Sherpa v. Judith Almodovar*, No. 3:25-cv-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026) ("There should not be a preliminary injunction to protect [the status quo], however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy.").

[18] *See Garcia v. Noem*, No. CV 26-0177, 2026 WL 373863, at *2 (W.D. La. Feb. 10, 2026) (citing *Garcia-Aleman v. Thompson*, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025)).

[19] *See* Mot. TRO at 8 (alternatively requesting that the Court issue an Order to Show Cause).

**III.    Conclusion**

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **March 6, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within three days after Respondents serve their response.[20] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **DENIES** "Petitioner's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction" (ECF No. 2) without prejudice to the ultimate relief requested.

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[21]

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[22]

---

[20] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[21] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[22] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

**So ORDERED and SIGNED this 3rd day of March 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**