**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EIVER ALONSO**<br>**RODRIGUEZ MEDINA,** | § <br> § <br> § <br> § <br> § | |
| *Petitioner,* | § <br> § | |
| v. | § <br> § | |
| **MARKWAYNE MULLIN,**<br>*Secretary, Department of Homeland*<br>*Security*;<br>**TODD M. LYONS,**<br>*Acting Director, United States Immigration*<br>*and Customs Enforcement (ICE)*;<br>**TODD BLANCHE,**<br>*Acting Attorney General of the United States*;<br>**MARY DE ANDA-YBARRA,**<br>*Director, ICE El Paso Field Office*;<br>**ANGEL GARITE,**<br>*Assistant Field Office Director, ICE El Paso*<br>*Field Office*; **and**<br>**WARDEN,**<br>*ERO El Paso Camp East Montana,*<br>*in their official capacities,* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **EP-26-CV-00502-DCG** |
| *Respondents.* | § | |

## ORDER FOR PETITIONER TO SHOW CAUSE
## WHY THE COURT SHOULD NOT DISMISS THIS CASE AS MOOT

Petitioner's counsel has informed the Court that the Government removed Petitioner

Eiver Alonso Rodriguez Medina from the United States on or about April 6, 2026.[1]  As such, his

pending Petition for a Writ of Habeas Corpus may well be moot.[2]

---

[1] *See* Pet'r's Status Update, ECF No. 14, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody.  [The petitioner] has since been removed from the United States.  [The petitioner]'s removal from the United

The Court therefore **ORDERS** Petitioner to **SHOW CAUSE** by **May 14, 2026** why the Court should not dismiss this case as moot.

Similarly, because the Government has already removed Petitioner from the country, the Court **DENIES** "Petitioner's Renewed Emergency Application for Temporary Restraining Order to Prevent Imminent Removal" (ECF No. 12) as **MOOT**.

Finally, the Court **DIRECTS** the Clerk of Court's office to **SUBSTITUTE** the named Respondents in this case as follows:

(1)  substitute Acting Attorney General Todd Blanche for Former Attorney General Pam Bondi; and

(2)  substitute Current DHS Secretary Markwayne Mullin for Former Secretary Kristi Noem.[3]

**So ORDERED and SIGNED this 29th day of April 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

States mooted any habeas claim for relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020).

*See also* Pet., ECF No. 1, at 12 (likewise seeking "a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody").

[3] *Compare* Pet. at 1 (indicating that Petitioner sued all of the Respondents "in their official capacities"), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").